IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| THOMAS OTT, | § | |
| | § | |
| Defendant Below, | § | No. 70, 2023 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1004006060 (S) |
| | § | |
| Appellee. | § | |

Submitted: March 23, 2023
Decided: May 3, 2023

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## <u>**ORDER**</u>

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1)    The appellant, Thomas Ott, filed this appeal from a Superior Court order denying his motion for sentence modification under Superior Court Criminal Rule 35(b).  The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Ott's opening brief that his appeal is without merit.  We agree and affirm.

(2)    The record reflects that, on March 23, 2011, Ott pleaded no-contest to one count of second-degree rape and two counts of fourth-degree rape.  The Superior Court sentenced Ott as follows: (i) for second-degree rape, twenty-five years of

Level V incarceration, suspended after seventeen years of Level V incarceration for one year of Level IV work release, followed by seven years of Level III probation suspended after three years and six months for decreasing levels of supervision; and (ii) for each count of fourth-degree rape, ten years of Level V incarceration suspended for five years of Level III probation. Ott did not appeal the Superior Court's judgment.

(3) Ott filed unsuccessful motions for reduction of his prison sentence in 2012 and 2016. On August 29, 2018, Ott asked the Superior Court to change his Level IV work release to home confinement. On October 2, 2018, the Superior Court denied the motion, finding that there were no extraordinary circumstances warranting review. The Superior Court also found that the request was premature because Ott would not complete the Level V portion of his sentence until November 2024 and stated that it would not consider modification of the Level IV sentence until Ott was within six months of completing his Level V sentence.

(4) On May 26, 2020, Ott requested reduction of the last two years of his Level V sentence to home confinement. The Superior Court denied the motion for the reasons set forth in its October 2, 2018 order. On April 28, 2021, Ott again requested reduction of his sentence to home confinement. The Superior Court denied the motion, concluding that the original sentence was reasonable and that there were no extraordinary circumstances warranting review of the untimely

2

motion. On June 21, 2021, Ott advised that he wished for his Level IV work release to be modified to home confinement because Tier III sex offenders could not obtain work while on Level IV work release.[1] The Superior Court responded that the Department of Correction indicated he would go to work release and that the Superior Court would not micro-manage the Department of Correction.

(5) On January 5, 2023, Ott filed a motion for sentence modification. He sought modification of the Level IV work release portion of his sentence to Level III probation because he would be unable to leave Level IV work release to find a job. The Superior Court denied the motion for the reasons stated in previous orders. This appeal followed.

(6) We review the Superior Court's grant or denial of a motion for sentence modification for abuse of discretion.[2] In his opening brief, Ott argues that nothing in Superior Court Criminal Rule 35(b) barred his motion for sentence modification.

---

[1] In the motion to affirm, the State advises that: (i) Tier III sex offenders like Ott are not permitted to work in the community unless they have GPS monitoring; (ii) Tier III sex offenders must serve a Level IV work release term without the ability to seek work in the community, unless they are eligible to be released to home confinement; (iii) DOC does not have the discretion to apply for a home confinement placement for Ott because his sentence specifies Level IV work release; and (iv) DOC could determine after Ott's release to Level IV work release that a different placement is appropriate, but it would have to seek court approval for modification of his sentence. The State represents that modification of Ott's Level IV sentence might be appropriate later, but DOC has not yet made this determination. Ott is currently scheduled to be released from Level V in December.

[2] *State v. Lewis*, 797 A.2d 1198, 1202 (Del. 2002).

(7)     Under Rule 35(b), the Superior Court will not consider a motion for reduction of a prison sentence made more than ninety days after imposition of the sentence in the absence of extraordinary circumstances or an application under 11 *Del. C.* § 4217.  The Superior Court may, however, suspend or reduce the "term or conditions of partial confinement or probation, at any time."[3]  The Superior Court "will not consider repetitive requests for reduction of sentence."[4]

(8)     As the States acknowledges in its motion to affirm, the ninety-day limitations period of Rule 35(b) did not apply to Ott's motion because he sought to reduce his term of partial confinement.  But as the State also emphasizes, Ott's motion was repetitive.  Ott has filed, contrary to his contentions, multiple motions for sentence modification, including motions for reduction of the Level IV work release portion of his sentence.  The Superior Court could therefore deny Mott's motion for sentence modification as repetitive.[5]

---

[3] Super. Ct. R. 35(b).

[4] *Id.*

[5] *See, e.g., State v. Culp*, 152 A.3d 141, 144 (Del. 2016) ("A motion is 'repetitive' as that term is used in Rule 35(b) when it is preceded by an earlier Rule 35(b) motion, even if the subsequent motion raises new arguments.")*; Teat v. State*, 2011 WL 4389042, at *1 (Del. Oct. 12, 2011) (affirming the Superior Court's denial of the defendant's motion for modification of his Level IV partial confinement as repetitive).  This Court may affirm on the basis of a different rationale than the rationale articulated by the trial court. *Unitrin, Inc. v. Am. Gen. Corp.*, 651 A.2d 1361, 1390 (Del. 1995).

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice